IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SAMUEL ROSS, # R-10041, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cv-00574-MJR |
| | ) |
| MICHAEL P. ATCHISON, | ) |
| LT. MITCHELL, | ) |
| TIMOTHY R. VEATH, | ) |
| MR. HENRY, | ) |
| and UNKNOWN PARTY, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Samuel Ross, an inmate who is currently incarcerated at Menard Correctional Center ("Menard"), brings this action pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights (Doc. 1). Plaintiff claims that Defendants Atchison (warden), Mitchell (lieutenant), Henry (internal affairs officer), and Doe (counselor) failed to protect him from an assault by two inmates on May 24, 2012. He sues these Defendants for violating his right to be free from cruel and unusual punishment under the Eighth Amendment. Plaintiff also sues Defendant Veath for conducting an unfair hearing on a false disciplinary ticket that Plaintiff received following the assault, in violation of his right to due process of law under the Fourteenth Amendment. Plaintiff seeks monetary damages and injunctive relief in the form of a prison transfer (Doc. 1, p. 18).

## Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen

1

prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). After carefully considering the allegations, the Court finds that Plaintiff's complaint survives preliminary review under § 1915A.

## The Complaint

Plaintiff was allegedly assaulted by two inmates in the prison yard on May 24, 2012[1] (Doc. 1, p. 5). As one inmate locked him in a tight chokehold, a second inmate hit Plaintiff in the face with a shank, causing him to lose consciousness. He was transported on a stretcher to the prison's health care unit, before being rushed to Memorial Hospital for treatment of his injuries (Doc. 1, p. 6). Plaintiff later returned to the prison's infirmary to recover.

An internal affairs officer interviewed Plaintiff in the hospital. After completing the interview, the officer spoke with another officer in the hallway. Plaintiff overheard one say, "Man, we fu**ed up, that's Ross, he been having his mother calling down here trying to get him in protective custody (sic)" (Doc. 1, p. 6).

According to the complaint, Plaintiff repeatedly asked for placement in protective custody in the weeks immediately preceding the assault. After receiving death threats from gang members, Plaintiff submitted requests, both in writing and verbally, to Defendants Atchison (April 13th), Mitchell (May 1st), Henry (May 5th, 10th, 14th), and Jane Doe (May 18th) (Doc. 1, pp. 9-10). On May 18th, he met with a prison psychologist, who advocated without success for his placement in protective custody (Doc. 1, p. 8). Plaintiff also turned to family members, one of whom contacted the prison on May 14th to request Plaintiff's placement in protective custody. Given these warnings, Plaintiff claims that Defendants Atchison, Mitchell, Henry, and Doe violated his Eighth Amendment rights by failing to take reasonable steps to prevent Plaintiff from being assaulted (Doc. 1, p. 5).

Plaintiff also asserts a Fourteenth Amendment due process claim against Defendant Veath for conducting an unfair disciplinary hearing on June 12th (Doc. 1, pp. 11-17). According to the complaint, Plaintiff was placed in segregation soon after renewing his request

---

[1] All of the events giving rise to this action allegedly occurred in 2012.

3

for placement in protective custody on May 25th (Doc. 1, p. 11). When Plaintiff asked why he was being punished with "seg," he was issued a disciplinary ticket for impeding or interfering with an investigation and for giving false information to an employee (Doc. 1, p. 12).

Prior to his disciplinary hearing, Plaintiff was not provided with a full copy of the disciplinary report. Further, he was prohibited from speaking, calling witnesses, or asking questions at the hearing (Doc. 1, p. 13). The adjustment committee ultimately found Plaintiff guilty of the rule violations and sentenced him to one year of segregation, C-grade, and commissary restriction; the warden later reduced this to seven months of segregation and nine months of C-grade and commissary restriction. Plaintiff now sues Defendant Veath for due process violations under the Fourteenth Amendment (Doc. 1, p. 14).

## Discussion

After carefully considering the allegations in the complaint, the Court finds that it states a colorable Eighth Amendment claim (**Count 1**) against Defendants Atchison, Mitchell, Henry, and Doe[2] for displaying deliberate indifference to an unreasonable risk of assault. Accordingly, Plaintiff shall be allowed to proceed with **Count 1** against Defendants Atchison, Mitchell, Henry, and Doe at this stage.

The complaint also articulates a Fourteenth Amendment claim (**Count 2**) against Defendant Veath[3] for allegedly conducting an unfair disciplinary hearing on a false disciplinary ticket that resulted in Plaintiff's confinement in segregation for seven months. Further discussion of this claim is necessary. An "inmate's liberty interest in avoiding segregation is limited." *Hardaway v. Meyerhoff, et al.*, 734 F.3d 740 (7th Cir. 2013) (quoting *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 (7th Cir. 2009)). Under certain

---

[2] Defendant Veath is not named in conjunction with this claim.
[3] The complaint does not raise this claim against any other defendant.

circumstances, however, an inmate punished with segregation can pursue a claim for deprivation of a liberty interest without due process of law. *See Marion*, 559 F.3d at 697-98. Those circumstances are arguably present in this case.

Plaintiff alleges that he was issued a false disciplinary ticket. Although allegations of false disciplinary reports do not state a claim where due process is afforded, Plaintiff also alleges that Defendant Veath denied him due process of law at his subsequent disciplinary hearing. *See Hadley v. Peters*, 841 F. Supp. 850, 856 (C.D. Ill. 1994), aff'd, 70 F.3d 117 (7th Cir. 1995) (citing *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984)). An inmate facing disciplinary charges is entitled to: (1) receive advance written notice of the charges against him; (2) appear in person before an impartial hearing body to contest the charges; (3) call witnesses and present documentary evidence in his defense (subject to the discretion of correctional officials); and (4) receive a written statement of the reasons for the disciplinary action taken. *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974); *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988). In the complaint, Plaintiff alleges that he did not receive a full copy of the disciplinary report prior to the hearing, he was denied an opportunity to call witnesses at the hearing, and he was prohibited from speaking. The complaint suggests that the disciplinary hearing violated the requirements for due process set forth in *Wolff*.

In addition, Plaintiff was punished with seven months in segregation and nine months of C-grade and commissary restriction. Whether a protected liberty interest is implicated by Plaintiff's confinement depends on whether that confinement "imposed an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Hardaway*, 734 F.3d at 743 (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Courts must consider two factors in determining whether disciplinary segregation imposes atypical and

5

significant hardships: "the combined import of the duration of the segregative confinement *and* the conditions endured." *Id.* at 743 (citing *Marion*, 559 F.3d at 697-98) (emphasis in original)).

The Seventh Circuit has held that "relatively short terms of segregation rarely give rise to a prisoner's liberty interest" in the absence of exceptionally harsh conditions. *Id.* at 743. For these relatively short periods, inquiry into the specific conditions of confinement is unnecessary. *See, e.g., Holly v. Woolfolk,* 415 F.3d 678, 679 (7th Cir. 2005) (2 days); *Townsend v. Fuchs*, 522 F.3d 765, 766 (7th Cir. 2008) (59 days); *Hoskins v. Lenear*, 395 F.3d 372, 374-75 (7th Cir. 2005) (60 days) *Thomas v. Ramos*, 130 F.3d 754, 761 (7th Cir. 1998) (holding that no liberty interest was implicated when considering prisoner's twelve-year sentence) (70 days).

A liberty interest may arise from longer terms of confinement, triggering the need for further factual inquiry into the conditions of a prisoner's confinement. *See, e.g., Lekas v. Briley*, 405 F.3d 602, 612 (7th Cir. 2005) (analyzing conditions of confinement but noting that prisoner's segregation "was still not so long as to work an atypical and significant hardship) (90 days); *Whitford v. Boglino*, 63 F.3d 527, 533 (7th Cir. 1995) (remanding for factual inquiry into conditions of prisoner's confinement in disciplinary segregation that lasted six months); *Marion*, 559 F.3d at 698 (holding that the issue of whether 240 days in disciplinary segregation would implicate protected liberty interest could not be decided at pleading stage). In such cases, the Seventh Circuit has instructed district courts to consider the *actual* conditions of confinement, in order to determine whether a liberty interest is implicated. This entails a fact-based inquiry into all of the circumstances of the prisoner's confinement. *Marion*, 559 F.3d at 699 (citing with approval *Palmer v. Richards*, 364 F.3d 60, 65-66 (2d Cir. 2004) (noting that cases involving segregation of less than 30 days may be dismissed without a detailed factual

6

record regarding the conditions, but not 77 days); *Mitchell v. Horn*, 318 F.3d 523, 527 (3d Cir. 2003) (remanding the dismissal of a claim of 90 days' segregation for a fact-based inquiry into conditions consistent with *Sandin*)). Accordingly, the Court finds that further factual inquiry into the conditions of Plaintiff's confinement in segregation is necessary given its length. Plaintiff shall be allowed to proceed with **Count 2** against Defendant Veath.

### Discovery of Unknown Party

Plaintiff shall be allowed to proceed with Count 1 against Defendant Unknown Party (i.e., Jane Doe). However, this party must be identified with particularity before service of the complaint can be made on her. Where a prisoner's complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery in order to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). In this case, the United States Magistrate Judge shall set guidelines for discovery aimed at identifying this party, so that Plaintiff can amend the complaint to include all references to the defendant.

### Pending Motion

Plaintiff has filed a motion to appoint counsel (Doc. 3), which is hereby **REFERRED** to United States Magistrate **Judge Stephen C. Williams**.

### Disposition

**AS TO COUNTS 1** and **2**, the Clerk of Court shall prepare for **DEFENDANTS MICHAEL P. ATCHISON, LIEUTENANT MITCHELL, TIMOTHY R. VEATH,** and **MR. HENRY**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail

7

these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on Defendant Jane Doe until such time as Plaintiff has identified this defendant by name in a properly filed amended complaint, which includes identifying this defendant in the caption and inserting the individual's name, where applicable, throughout the complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, including a decision on Plaintiff's motion to appoint counsel (Doc. 3) and expedited discovery aimed at identifying Defendant Unknown Party. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution.  *See* F<small>ED</small>. R. C<small>IV</small>. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  June 17, 2014**

<u>s/ MICHAEL J. REAGAN</u>
**U.S. District Judge**
