IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SAMUEL ROSS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cv-0574-MJR-SCW |
| | ) |
| MICHAEL P ATCHISON, | ) |
| LT MITCHELL, | ) |
| TIMOTHY R VEATH, | ) |
| MR. HENRY, and | ) |
| VICKIE PAYNE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

### A. Introduction

Plaintiff Samuel Ross, an inmate at Menard Correctional Center ("Menard"), filed this complaint on May 20, 2014, alleging that several staff at Menard (Defendants Atchison, Mitchell, Henry and Vickie Payne) had failed to protect him from an assault by two Menard inmates, which he alleges occurred on May 24, 2012 (Doc. 1). Plaintiff claimed that on that date, one inmate held him while a second inmate punched him in the face with a shank, rendering Ross unconscious (*Id*. at 5). Prior to the assault, Plaintiff claims to have contacted the Defendants several times in an attempt to be placed in protective custody, with no steps taken to prevent the assault (*Id*.)

Plaintiff's complaint included a second count against Defendant Veath for allegedly conducting an unfair disciplinary hearing, violating his due process rights (Doc. 1 at 11). He alleges that he again sought protective custody, but was instead placed in segregation and issued a disciplinary ticket (*Id*. at 11-12). Further, he states that prior to the hearing, he did not receive a copy of his disciplinary report and could not speak or call witnesses (*Id*. at 12-13). Based upon that hearing, Plaintiff received seven months segregation and nine months C grade and commissary restrictions (reduced from one year of segregation, C grade, and commissary restrictions) (*Id*.)

Defendants filed a motion for summary judgment, claiming that Plaintiff had failed to exhaust his administrative remedies as to his two claims (Doc. 29).[1] In his response, Plaintiff argued that he did all he could to exhaust his administrative remedies, by submitting a grievance on June 19, 2012 regarding a disciplinary report he had received on May 24, 2012 – the date of the alleged altercation (Doc. 39 at 13). According to the Plaintiff, he submitted this grievance to grievance officer Lori Oakley (*Id*.). It is this grievance which is most noteworthy to the Court, as it was to the Honorable Judge Steven C. Williams, United States Magistrate Judge, who conducted the *Pavey* hearing on the issue of exhaustion of administrative remedies on June 15, 2015. ***See Pavey v. Conley*, 544 F.3d 739, 740-41 (7th Cir. 2008).**

---

[1] Defendant Payne, originally listed as "Unknown Party" was later added by an amended complaint (Doc. 47). Payne moved to join the Defendants' motion for summary judgment (Doc. 53), which was granted (Doc. 54).

Based upon Defendants' summary judgment motion, the Plaintiff's response, and testimony and exhibits offered at the *Pavey* hearing, Magistrate Judge Williams submitted a Report and Recommendations ("R&R"), recommending that the Court find as moot the Defendants' motion for summary judgment, and instead dismiss the Plaintiff's claims with prejudice as a sanction for falsifying documents and making false statements to the Court, specifically as to the June 19, 2012 grievance (Doc. 57 at 1). Alternatively, it was recommended that the Court find that the Plaintiff exhausted his remedies as to Henry, Payne, and Atchison, and dismiss all other defendants. Plaintiff objected (Doc. 61) and the Defendants responded to the objection (Doc. 62).

Timely objections having been filed, the Court undertakes *de novo* review of the portions to the Report to which Plaintiff specifically objected. **28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b).** The undersigned can accept, reject, or modify Magistrate Judge Williams' recommendations, receive further evidence, or recommit the matter with instructions. *Id.* For the reasons stated below, the Court **ADOPTS** Magistrate Judge Williams' recommendations as to the Plaintiff's sanction and **DISMISSES** the Plaintiff's claims **with prejudice**.

B. <u>Plaintiff's Objection</u>

At the hearing before the Magistrate, the Plaintiff testified that he wrote the June 19, 2012 grievance and sent it to the grievance officer "probably a day or two later" (Doc. 63 at 10-11). It is noteworthy that this grievance, dated June 19, 2012, discusses

events which occurred approximately three weeks *after* he submitted it, including the Plaintiff's receipt of his copy of the adjustment committee's final summary report, on July 9, 2012 (Doc. 30-6 at 15). Additionally, the Defendants offered into evidence a grievance filed by the Plaintiff on July 19, 2012, which, as noted by Magistrate Judge Williams was "word for word the same as the grievance Plaintiff dated June 19, 2012" (Doc. 57 at 5).

In his R&R, Magistrate Judge Williams states that the weight of the evidence demonstrated that the Plaintiff never submitted a grievance on June 19, 2012. The grievance itself does not show receipt by the Plaintiff's counselor (Doc. 30-6 at 15); Defendant Oakley, the Plaintiff's counselor, noted no grievances in the log for June 2012 (Docs. 65-3 and 65-4); and the prison's grievance system IGRV shows no grievances for the month (Doc. 30-2 at 1). Despite these facts, and the fact that the grievance references events in the future, Plaintiff testified that he indeed submitted the grievance within a day or so after the June 19 date listed on the document. Magistrate Judge Williams found that the sum of the Plaintiff's statements demonstrate a lack of credibility regarding his attempts to exhaust his administrative remedies (Doc. 57 at 14).

In his objection, the Plaintiff argues that the June 19, 2012 grievance was a "hand written copy of the original grievance on disciplinary dated 7-19-12, that was sent to the grievance officer Lori Oakley" (Doc. 61 at 2). He further states that "he might have gotten some of the dates mix[ed] up . . . he wasn't trying to deceive, backdate, or

[falsify] any documents on purpose" (*Id*.). This statement suggests that the Plaintiff is now claiming that he merely confused the dates, that there was never a June 19, 2012 grievance, but only a grievance from July 19, 2012 which he copied by hand and inadvertently copied the wrong date. Moreover, there is a record of a July 19, 2012 grievance, which was received by the grievance counselor and noted in the grievance log (Docs. 65-1 at 1 and 65-3 at 9).

This argument also lacks credibility. Were the two documents just similar looking, the Court might be swayed. However, the two grievances, one dated June 19 and the other dated July 19 are not merely similar, or even a painstaking word for word copy as the Plaintiff suggests.[2] A side-by-side comparison shows that, other than the dates, they are identical, including identical cross-outs and corrections. (*Compare* Doc. 30-6 at 15-17 *with* Doc. 65-1.) Taken together, it appears that the June 19 grievance is a photocopy of the July 19 grievance, backdated by one month. This is not a situation where the "[o]nly thing that plaintiff [has] done wrong was mistakenly putting the wrong date on a handwritten copy" (Doc. 61 at 3). The Plaintiff lied to the Court by falsifying these documents and attempted to double down on his lie in his objection.

C. <u>Conclusion</u>

In *Rivera v. Drake*, Judge Easterbrook stated that "[a] litigant's misconduct can justify default judgment, and perjury is among the worst kinds of misconduct." **676**

---

[2] During the Pavey hearing, Plaintiff stated, "Instead of getting copies, I wrote it back by hand and just messed the date up on one of them." (Doc. 63 at 14).

F.3d 685, 686 (7th Cir. 2014), citing *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639 (1976).  As in *Rivera*, Plaintiff Ross is proceeding *in forma pauperis* and relies primarily on "his own say-so" as to the events regarding his grievances, so financial or evidentiary sanctions are inappropriate.  **767 F.3d at 687.**

The Court agrees that the appropriate sanction against the Plaintiff is to dismiss his claims in their entirety.  As such, the Court **REJECTS** Plaintiff's objections (Doc. 61), **ADOPTS IN PART** Magistrate Judge Williams' Report and Recommendation (Doc. 57),[3] **FINDS AS MOOT** Defendants' motion for summary judgment (Doc. 29), and **DISMISSES** with prejudice Plaintiff's claims.  The Clerk of Court is **ORDERED** to enter judgment against the Plaintiff and **CLOSE** the case.  As all issues related to this case have been addressed, all deadlines related to this case are **MOOT**, and the Court **CANCELS** all future settings, including the September 28, 2016 final pre-trial conference and the November 14, 2016 Jury Trial.

**IT IS SO ORDERED.**

DATED:    **August 23, 2015**

*s/ Michael J. Reagan*
Michael J. Reagan
Chief Judge
United States District Court

---

[3] In addition to his recommendation as to sanctions, Magistrate Judge Williams' R&R examined, in the alternative, the issue of exhaustion of administrative remedies.  As the Court agrees on the issue of sanctions, the Court need not consider exhaustion and does not adopt this portion of the R&R.